UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DERYCK HUELETT                                                                                                   Plaintiff

v.                                                                          Civil Action No. 3:23-cv-00420-RGJ

LOUISVILLE PAVING CO., INC.                                                                                Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendant Louisville Paving Company, Inc. ("Louisville Paving") filed a bill of costs [DE 42] after the Court granted its Motion for Summary Judgment. [DE 40]. Plaintiff Deryck Huelett ("Huelett") objects to the bill of costs filed by Louisville Paving, requesting "that this Court reduce the costs sought by Defendant by an amount of $1,766.42, and . . . defer ruling on any costs until the appellate issues are concluded." [DE 45]. These matters are ripe. For the reasons below, the Court **GRANTS in part** and **DENIES in part** Huelett's Objections and awards costs as set forth below.

### I.    BACKGROUND

Huelett brought two suits against Louisville Paving in Jefferson County Circuit Court alleging Count 1, Violations of Ky. Rev. S. 237.106, Count Two, disability discrimination under the Americans with Disabilities Act ("ADA") and Kentucky Civil Rights Act ("KCRA"), Count Three, retaliation under the ADA and KCRA, and Count Four, trespass to chattels. These cases were consolidated in Jefferson County Circuit Court and removed to federal court in the Western District of Kentucky on August 11, 2023. [DE 1-14 at 112]. On September 20, 2024, Louisville Paving moved for summary judgment on all counts. [DE 24]. The Court granted Louisville Paving's Motion for Summary Judgment and Louisville Paving filed a bill of costs. [DE 42]. On

March 20, 2025, Huelett filed an appeal with the Sixth Circuit Court of Appeals seeking review of this Court's February 19, 2025, Order Granting Summary Judgment. [DE 205]. *See Deryck Huelett v. Louisville Paving Company, Inc.*, No. 25-5241.

Louisville Paving seeks a total of $2,948.42, consisting of $402 from fees of the Clerk, $2,443.67 in fees for transcripts, and $102.75 in fees for copying and printing. [DE 42 at 759]. Huelett objects to the award of costs for non-original copies of depositions of Louisville Paving's witnesses, Blake Cundiff, James Bentley, Matt Lewis, and Kurt Krug, in the amount of $1,620.05, as well as related costs for exhibits and shipping and handling fees, in the amount of $43.62, and $102.75 in reported copy costs. [DE 45 at 789-90]. Huelett further moves to stay a finding on Louisville Paving's bill of costs until Huelett's pending appeal is resolved.

## II.     STANDARD

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" This rule "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Recoverable costs are limited to those specified by 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)) (courts have "discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate"). Section 1920 allows recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; "[f]ees and disbursements for printing and witnesses"; "[f]ees of the clerk," such as filing fees; "[c]ompensation of court appointed experts"; and "costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920.

On motion, a district court "may review" a clerk's taxation of costs. Fed. R. Civ. P. 54(d)(1). District courts have some discretion over whether to impose costs and may consider equitable factors. *See White & White, Inc.,* 786 F.2d at 730. However, under Rule 54(d), the "norm of action" is that "prevailing parties are entitled to their costs as of course." *Id.* at 731. Where an unsuccessful party in the litigation seeks to be excused from the burden of paying costs, they are required to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party. *Id.* at 732. A court might also deny costs if the seeking party fails to comply with local requirements regarding what must be presented to the clerk. *E.g., Cont. Design Grp., Inc. v. Wayne State Univ.*, 635 F. App'x 222, 238–39 (6th Cir. 2015).

### III.  ANALYSIS

#### 1. Deposition Copies and Costs

Huelett argues that $1,620.05 of the costs alleged by Louisville Paving in its bill of costs were for copies, not original costs, and cannot be recovered. [DE 45 at 789]. Huelett specifically challenges the copies of the depositions of Blake Cundiff, James Bentley, Matt Lewis, and Kurt Krug. [*Id.*]. In support of this contention Huelett relies on *Grider v. Kentucky & Indiana Terminal R. Co.,* where the court declined to include the cost of deposition copies in a bill of costs, stating that it had "remained persuaded for almost 20 years that such costs are a part of the anticipated overhead of practicing law." 101 F.R.D. 311, 312 (W.D. Ky. 1984). But *Grider* also noted that this decision was left to the discretion of the Court. *Id.* In the forty years that have passed since the decision in *Grider*, the Sixth Circuit has routinely allowed taxation for the "reproducing of depositions." *LFP IP, LLC v. Hustler Cincinnati, Inc.*, No. 1:09-CV-913, 2016 WL 7015764, at *3 (S.D. Ohio Nov. 30, 2016) (quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)). "Having both the original and a copy of the deposition is reasonably necessary because a party

3

may use the unmarked original for use at trial, such as for impeachment, while using the copy to mark up or take notes." *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *4 (E.D. Ky. Feb. 2, 2015). The depositions of all four individuals were relevant to the case, and even though it is not a requirement in the Sixth Circuit, all were referenced by Louisville Paving in their Motion for Summary Judgment and considered by the Court in its order. [DE 24]. The Court finds that ordering copies of the depositions of Blake Cundiff, James Bentley, Matt Lewis, and Kurt Krug was reasonably necessary under Sixth Circuit caselaw.

Huelett further objects to the inclusion of the deposition copy costs in the bill of costs because the invoice "failed to note the hourly rates and number of pages of the actual transcripts," which Huelett claims is "a necessary element to a bill of costs application." [DE 45 at 789]. However, this is not a requirement in the Sixth Circuit or the Western District of Kentucky. Huelett relies on *Sommerfield v. City of Chicago.*, a decision out of the Seventh Circuit that is not binding on this Court and does not match the binding caselaw of the Sixth Circuit. No. 06 C 3132, 2012 WL 5381255 (N.D. Ill. Oct. 31, 2012). There is no caselaw in this district requiring the per page cost or number of pages be listed when including a deposition in the bill of costs. Louisville Paving properly filled out the Courts AO 133 form for a bill of costs and included the official invoices for the deposition which is sufficient for this Court. Using its discretion and considering the presumption in favor of awarding costs, the Court will allow $1,620.05 in deposition copy costs.

Huelett also objects to $43.62 included in the bill of costs, which is comprised of $13.12 in shipping and handling costs and $30.50 for exhibits related to the depositions. [DE 45 at 790]. Huelett alleges these are not permitted expenses in a bill of costs. [*Id*]. First, addressing the cost of shipping, such costs for deposition transcripts are typically not allowed under § 1920. *Jadian, Inc. v. Nat'l Quality Assurance USA, Inc.*, No. 1:17-CV-907, 2020 WL 13527935, at *3 (W.D.

4

Mich. Nov. 30, 2020) (quoting *Watson v. Lake Cty.*, 492 F. App'x 991, 997 (11th Cir. 2012)). Accordingly, the Court will grant Huelett's objection to this cost and disallow the $13.12 in shipping and handling costs.

Second, deposition exhibits are generally allowed by district courts within the Sixth Circuit as these costs "are routinely necessary to support summary judgment motions and at times prove useful at trial." *Pogue v. Nw. Mut. Life Ins.*, No. 3:14-CV-0598-CRS, 2019 WL 2814643, at *2 (W.D. Ky. July 2, 2019) (quoting *Ashland Hosp. Corp. v. RLI Ins.*, No. CV 13-143-DLB-EBA, 2015 WL 5063184, at *6 (W.D. Ky. Aug. 26, 2015)). As the objecting party, it is Huelett's burden to convince the Court that the taxation of these otherwise allowable costs is improper. *Freeman v. Blue Ridge Paper Prods., Inc.,* 624 F. App'x 934, 938 (6th Cir. 2015). Huelett makes no argument as to why these relatively minimal costs should be disallowed other than the incorrect claim that they are not generally permitted. As such the Court will allow the $30.50 in costs for deposition exhibits.

### 2. Copy and Printing Costs

Huelett argues that Louisville Paving's copy costs should be denied as they are vague and overly expensive. [DE 45 at 790]. When seeking costs for printing and copies, a party "may only recover those costs incurred for copies of documents prepared for the court's consideration or for the opposing party." *Pion v. Liberty Dairy Co., a Div. of Dean Foods Co.*, 922 F. Supp. 48, 53 (W.D. Mich. 1996). In order to show that such costs are taxable a party must generally provide "a brief description of the purpose of the printing or copying expense." *Cooley v. Lincoln Elec. Co.*, 776 F. Supp. 2d 511, 576 (N.D. Ohio 2011). In its bill of costs Louisville Paving fails to provide the Court with sufficient identifying information to determine what the purpose of the copy or printing expenses listed are and whether they were prepared for the court's consideration or for the

5

opposing party. The copy log provided with the bill of costs fails to provide names or descriptors for any printed document, and further fails to list the number of pages printed and price per page, merely listing a total amount billed. [DE 42-4 at 777-80]. The narrative column provided on the copy log is also notably blank. [*Id.*]. As a result, the Court is unable to identify what the copies are, or what their purpose may be, and Louisville Paving has failed to state the need for them. *See Thompson v. Quorum Health Res., LLC*, No. 1:06-CV-168, 2010 WL 2044542, at *7 (W.D. Ky. May 21, 2010) ("Because Plaintiff has failed to document copy costs separately and state their necessity, the Court cannot award costs for copies at this time."). Therefore, the Court grants Huelett's objection and will not award Louisville Paving's request for copy costs.

### 3. Stay Pending Appeal

Huelett requests the Court defer ruling on Louisville Paving's bill of costs until the Sixth Circuit has fully ruled on his appeal. Huelett argues that "federal district courts ordinarily defer consideration of bills of costs until appellate issues are resolved." [DE 45 at 791].

Case law in the Sixth Circuit is well established that district courts do not generally stay the taxation of costs merely because an appeal is pending. *Hyland v. HomeServices of Am., Inc.*, No. 3:05-CV-00612-TBR, 2013 WL 1904513, at *1 (W.D. Ky. May 7, 2013), *aff'd*, 582 F. App'x 657 (6th Cir. 2014) (collecting cases). Because a losing party can appeal an imposition of costs, ordering costs without delay minimizes the chance of piecemeal litigation (i.e., a second and separate appeal after the merits appeal concludes) and preserves judicial resources. *Cooley*, 776 F. Supp. 2d at 575, cited in *Mod. Holdings, LLC v. Corning, Inc.*, No. 5:13-CV-00405-GFVT, 2023 WL 5058828, at *1 (E.D. Ky. Aug. 8, 2023). However, some courts recognize a middle option between deferring consideration and enforcing an order for taxation. Rather than staying consideration of a bill of costs, Courts can stay enforcement of the clerks' taxation. *Kirk v. Shaw*

*Env't, Inc.*, No. 1:09-CV-1405, 2010 WL 11681755, at *4 (N.D. Ohio Aug. 12, 2010); *see also Kesterson v. Kent State Univ.*, No. 5:16CV298, 2019 WL 1880033, at *3 (N.D. Ohio Apr. 26, 2019) (staying enforcement without opposition). This triggers a losing party's deadline to appeal the imposition of costs without causing funds to change hands. In this case the Court will stay enforcement until a ruling has been made on Huelett's appeal to the Sixth Circuit.

### III.   CONCLUSION

For these reasons, having considered the above motion, it is **ORDERED** as follows:

1. Huelett's Objection to Louisville Paving's bill of costs [DE 45] is **DENIED IN PART** as to the costs for deposition copies

2. Huelett's Objection to Louisville Paving's bill of costs [DE 45] is **GRANTED IN PART** as to the $13.12 in shipping and handling costs

3. Huelett's Objection to Louisville Paving's bill of costs [DE 45] is **DENIED IN PART** as to the costs for deposition exhibits

4. Huelett's Objection to Louisville Paving's bill of costs [DE 45] is **GRANTED IN PART** as to the $102.75 charged for copy costs

5. Louisville Paving is awarded costs in the total amount of $2,832.55, itemized as follows:

    a. U.S. District Court "Fees of the Clerk": $402.00
    b. Deposition Transcript (Deposition of Blake Cundiff): $327.70
    c. Deposition Transcript (Deposition of James Bentley): $333.50
    d. Deposition Transcript (Deposition of Matt Lewis): $291.60
    e. Deposition Transcript (Deposition of Kurt Krug): $667.25
    f. Deposition Transcript (Deposition of Deryck Huelett); $780.00
    g. Exhibit(s) for Plaintiff Deposition; $30.50

6. Enforcement of costs shall be stayed pending the Sixth Circuit's ruling on Huelett's appeal in *Deryck Huelett v. Louisville Paving Company, Inc.*, No. 25-5241 and Huelett is ordered to pay those costs awarded above within **thirty (30)** days of Sixth Circuit's ruling.

Rebecca Grady Jennings, District Judge
United States District Court

June 17, 2025